IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **GREGORY JEAN-LOUIS,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| V. | § | NO. 4:23-CV-365-O |
| | § | (NO. 4:20-CR-107-O) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Gregory Jean-Louis under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.     BACKGROUND**

The record in the underlying criminal case reflects the following:

On July 21, 2020, Movant was named in a three-count superseding indictment charging him in count one with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and in counts two and three with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. CR ECF No.[1] 33. Movant and his counsel signed a factual resume, CR ECF No. 36, and a plea agreement. CR ECF No. 37. The plea agreement reflected that Movant would plead guilty to the offense charged by count one of the superseding indictment and the government would not bring any additional charges against Movant based on the conduct underlying and related to his plea. In

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-107-O.

addition, the plea agreement reflected that: Movant faced a term of imprisonment of up to thirty years; Movant had reviewed the guidelines with counsel but understood that no one could predict what his sentence would be and that the sentence was wholly within the Court's discretion; the plea was freely and voluntarily made and not the result of force, threats, or promises; Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation he had received; he waived his right to appeal or otherwise challenge his conviction or sentence; and that the document set forth the entirety of the agreement. *Id.* The factual resume set forth the penalties Movant faced, including a term of imprisonment not to exceed thirty years, the essential elements of the offense charged by count one of the superseding indictment, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 36.

At rearraignment, Movant testified under oath that: he understood that he should not depend or rely on any promise or statement by anyone as to what penalty would be assessed against him and that his plea must not be induced by any promises; he had discussed with counsel how the sentencing guidelines might apply, but he understood that the Court would calculate the applicable guideline range; he had received a copy of the superseding indictment; he had read and understood the charges; he understood the essential elements of the offense charged by count one of the superseding indictment and he admitted that he committed all of them; he was fully satisfied with the representation and legal advice he received from counsel; he read, understood, and signed the plea agreement; he understood that he was waiving his right to appeal as set forth in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; no one had made any promise or assurance of any kind to induce him to enter a plea of guilty; he understood

2

that he faced a term of imprisonment of not more than thirty years; and, he signed the factual resume and the facts set forth in it were true and correct. CR ECF No. 73.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 7. CR ECF No. 57, ¶ 78. He received an 18-level adjustment due to the size of the loss, *id.* ¶ 79, a two-level adjustment for ten or more victims, *id.* ¶ 80, a two-level adjustment for sophisticated means, *id.* ¶ 81, a two-level adjustment for unauthorized means of identification, *id.* ¶ 82, and a four-level adjustment for role in the offense. *Id.* ¶ 85. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 89, 90. Based on a total offense level of 32 and a criminal history category of I, his guideline imprisonment range was 121 to 151 months. *Id.* ¶ 141. Movant filed extensive objections, CR ECF No. 49, and the probation officer prepared an addendum to the PSR. CR ECF No. 51. Movant also filed a sentencing memorandum and motion for downward departure or variance. CR ECF No. 60.

The Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 67. He appealed, CR ECF No. 69, despite having waived the right to do so. CR ECF No. 37, ¶ 12. The United States Court of Appeals for the Fifth Circuit affirmed, finding that Movant's enforceable waiver barred the appeal. *United States v. Jean-Louis*, No. 21-10260, 2021 WL 6140233 (5th Cir. Dec. 29, 2021). His petition for writ of certiorari was denied. *Jean-Louis v. United States*, 142 S. Ct. 2664 (2022).

**II.     GROUNDS OF THE MOTION**

Movant asserts three grounds in support of his motion. First, he received ineffective assistance of counsel. Second, his plea was not voluntary. Third, he did not understand the nature

of the charge and the consequences of the plea. ECF No.² 1 at 7. In his brief, ECF No. 2 at 19–20, as affirmed by his reply, ECF No. 10 at 6–7, Movant makes clear that his third ground is that counsel was ineffective in failing to request a downward variance and to present mitigating evidence.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

² The "ECF No. __" reference is to the number of the item on the docket in this civil action.

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, Movant alleges that counsel failed to provide him discovery, denying him the right to participate in his own defense, and assured him that he would not receive

a sentence of more than 60 months, thereby improperly inducing him to plead guilty. ECF No. 1 at 7; ECF No. 2 at 1–4. Movant offers nothing more than conclusory allegations and affidavits containing hearsay in support of his motion.[3] They are not sufficient to meet his burden. *Miller*, 200 F.3d at 282.

The record overwhelmingly refutes any contention that Movant's plea was the result of ineffective assistance of counsel. Movant testified under oath that he understood he was facing a possible sentence of thirty years' imprisonment; that he understood that no one could predict the sentence he might receive and that he should not depend or rely on any such statement; that no one had made any promise to induce him to plead guilty; and that his plea was freely and voluntarily made and not the result of force, threats, or promises. CR ECF No. 73. His sworn testimony is entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, the statements in his plea agreement and factual resume, including recognition that he faced a term of imprisonment of up to thirty years, are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (movant seeking relief on the basis of an alleged promise must prove (1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise).

---

[3] Notably, none of the affiants purports to have heard Movant's counsel make any representation to him regarding the sentence he would receive. Rather, each of them simply conveys the same rote statement that Movant told the affiant he accepted the plea offer because counsel told him he would receive a 2–5 year sentence if he pleaded guilty. ECF Nos. 2-1, 2-2, 2-3, 2-4. (Only the latter document constitutes a proper affidavit in any event. The others are not properly verified. No purpose would be served by allowing Movant to correct the deficiencies.)

A plea agreement is not rendered involuntary by the defendant's mere subjective understanding that he will receive a particular sentence. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). But, even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant appears to recognize his burden, ECF No. 2 at 10–11, but fails to cite any contemporaneous evidence to show that he would have insisted on going to trial absent counsel's alleged representations, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). The record establishes that the evidence against him was overwhelming. CR ECF No. 57. Had Movant gone to trial, he would have faced the same thirty-year term of imprisonment and two consecutive two-year terms for aggravated identity theft. ECF No. 9 at 9. Finally, as the government notes, Movant did not attempt to withdraw his plea when he learned that his guideline range was substantially higher than the 60 months his counsel allegedly promised him. *Id.* at 10.

Movant's second ground should have been raised on appeal and cannot be pursued here absent a showing of cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S.

7

614, 621–22 (1998). He has not met and cannot meet this burden. Movant represented in his plea agreement that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and . . . the alternatives available to him other than entering into this agreement." CR ECF No. 37, ¶ 11. His unsupported, conclusory allegation that "he could not have fully understood or legally confronted the accusations laid against him" is not sufficient to raise a constitutional issue in this proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Movant's third ground, that counsel failed to move for a downward variance and to present mitigating evidence, is belied by the record. Counsel filed a sentencing memorandum and motion for downward departure or variance, which included information to support the request, *e.g.*, Movant's alleged difficult upbringing, the family he needed to care for, and the nonviolent nature of his crimes. CR ECF No. 60. At sentencing, Movant himself presented evidence supporting his contention that he should receive a downward variance. CR ECF No. 74 at 37–41. The Court instead varied upward. *Id.* at 42; CR ECF No. 68. Movant cannot show that anything his counsel could have done would have changed his sentence.

Long after the pleadings had been filed, Movant, purporting to proceed *pro se*, filed a motion for leave to supplement, ECF No. 12, and a document docketed as a memorandum but titled "Affidavit in Support of 28 U.S.C. § 2255, pursuant to 28 U.S.C. § 1746." ECF No. 13. The purported affidavit is not signed and is wholly conclusory. Movant is represented by counsel and is not entitled to hybrid representation. These filings would not change the outcome.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Movant's motion for leave to supplement is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **29th day** of **July, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**